UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CR-00300-FDW-SCR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| TIMOTHY SCOTT HUFFMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion to Compel Defense Counsel to Surrender the Case File in the Above Styled Action to the Defendant of this Case, filed on June 26, 2023, (Doc. No. 35), and on Eben Rawls's ("Mr. Rawls") Motion to Dismiss Pro Se Motion to Compel, filed on June 29, 2023, (Doc. No. 39). These Motions have been fully briefed, (Doc. Nos. 35–41), and they are now ripe for ruling. Having carefully considered the Motions and the record, Defendant's Motion to Compel is **DENIED**, and Mr. Rawls's Motion to Dismiss is **GRANTED**.

Defendant seeks a copy of his case file from Mr. Rawls, alleging that he intends to file a motion to vacate pursuant to 28 U.S.C. § 2255 and that his case file is necessary to do so. However, Defendant contends Mr. Rawls has failed to surrender his entire case file to him. (Doc. No. 35). In his Response, filed on June 29, Mr. Rawls asserts that: on April 28, 2023, he mailed Defendant copies of all permitted documents and a list of those he could not disclose, (Doc. No. 38, p. 1; Doc. No. 38-1); around May 31, 2023, he mailed Defendant copies of all emails related to his case from between July 2018 to December 2020, but the package was returned, (Doc. No. 38, p. 1; Doc. No. 38-2; Doc. No. 38-3); on June 8, 2023, Defendant's mother sent Mr. Rawls an email stating that Defendant "did receive the list of the items that [Mr. Rawls] had shipped to him," (Doc. No. 38-

1

4); Mr. Rawls re-sent the package containing the emails, (Doc. No. 38, p. 1); and he "and his staff have been diligent in obtaining, reviewing, copying and mailing all documents and emails to movant." (Doc. No. 38, p. 2).

In light of his efforts to provide Defendant with copies of his case file, Mr. Rawls moved for this Court to dismiss as moot Defendant's Motion to Compel. (Doc. No. 39). Defendant filed his Response on July 18, arguing that he was missing some of the emails pertaining to his case, as well as all work product notes that Mr. Rawls and his staff created. (Doc. No. 40). In a Supplemental Response, filed on August 14, 2023, Mr. Rawls asserts that following Defendant's assertion that he had not received all copies of relevant documents and emails in his case file, he and his staff conducted another review of Defendant's entire file and related emails. (Doc. No. 41, p. 1). Mr. Rawls alleges that he then mailed Defendant "copies of emails that may have been inadvertently overlooked in the initial search for emails." (Id.; Doc. No. 41-1; Doc. No. 41-2). Thus, Mr. Rawls contends that he has given Defendant all relevant documents and emails that are permitted by the federal regulations concerning the Bureau of Prisons and the Rules of Professional Conduct. (Doc. No. 41, p. 1).

Relevant here, Rule 1.16(d) of the North Carolina Rules of Professional Conduct provides:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment or fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

U.S. v. Basham, 789 F.3d 358, 388 (4th Cir. 2015) (reviewing the legal authority requiring counsel to deliver a client's file upon termination of representation); U.S. v. Champion, 794 F. App'x 289 (4th Cir. 2020) (addressing a motion to compel trial counsel to produce defendant's case file so he

2

can pursue § 2255 relief); see also U.S. v. Williams, No. 3:12-cr-188-FDW-DSC-28, 2022 WL 2110843 (W.D.N.C. June 10, 2022).

Upon review of the record, and in light of Mr. Rawls's Supplemental Response, (Doc. No. 41), it appears that Defendant's Motion to Compel is now moot. The record before the Court reflects that Mr. Rawls has diligently surrendered those documents and emails to which Defendant is entitled, and that following Defendant's Motion and Responses, Mr. Rawls continued to review Defendant's case file to ensure he turned over all such documents.[1]

**IT IS THEREFORE ORDERED** that Mr. Rawls's Motion to Dismiss Pro Se Motion to Compel, (Doc. No. 39), is **GRANTED**. Accordingly, Defendant's Motion to Compel Defense Counsel to Surrender the Case File in the Above Styled Action to the Defendant of this Case, (Doc. No. 35), is **DISMISSED AS MOOT**.

**IT IS SO ORDERED.**

Signed: August 16, 2023

Frank D. Whitney
United States District Judge

---

[1] The Court also notes that while Defendant asserts that he is missing the notes Mr. Rawls took during their meetings, (Doc. No. 40, p. 2), Defendant is not entitled to receive Mr. Rawls's personal notes. This Court is unaware of any Fourth Circuit precedent requiring that counsel turn over any attorney's notes taken during the course of representation, but the commentary for Rule 1.16(d) is instructive:

> Generally, anything in the file that would be helpful to successor counsel should be turned over. This includes papers and other things delivered to the discharged lawyer by the client such as original instruments, correspondence, and cancelled checks. Copies of all correspondence received and generated by the withdrawing or discharged lawyer should be released as well as legal instruments, pleadings, and briefs submitted by either side or prepared and ready for submission. *The lawyer's personal notes and incomplete work product need not be released.*

Comment 10 to Rule 1.16(d) (emphasis added).